Samuel P. LEONARD, et al., Plaintiffs,

v.

J. Trigg FIELDS, Defendant.

Civ. A. No. 91-0106-A.

United States District Court,
W.D. Virginia,
Abingdon Division.

May 22, 1992.

Darrell A. Poe, Bradford & Associates, Abingdon, Va., for plaintiffs.

Beth Osborne Skinner, Woodward, Miles & Flannigan, P.C., Bristol, Va., for defendant.

## MEMORANDUM OPINION

WILSON, District Judge.

This is an action pursuant to 42 U.S.C. § 1983 by plaintiffs, Samuel P. Leonard ("Leonard") and Tim Boardwine ("Boardwine"), two former Russell County deputy sheriffs, against defendant, J. Trigg Fields ("Fields"), the Russell County Sheriff, alleging that they were discharged in violation of their rights under the First Amendment because they exercised their rights of free speech at a public meeting of the Russell County Board of Supervisors (the "Board"). Finding that their termination is "more properly viewed as essentially a 'private' matter between employer and employee", rather than a matter involving protected speech, the court will enter summary judgment for Fields. *See Berger v. Battaglia,* 779 F.2d 992, 999 (4th Cir.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986).

### I.

■ Fields terminated Leonard and Boardwine the day after they attended a public meeting of the Board seeking mileage reimbursement and seeking to increase or to prevent a decrease in their mileage allowance. Believing that they should be compensated at the rate of $.24 per mile rather than $.21 per mile, Leonard, Boardwine, other deputies, and their attorney attended the Board meeting to complain about the sufficiency of mileage compensation. Following comments by their attorney, the deputies were chided by at least one member of the Board:

> You all shouldn't even be here. The attorney shouldn't be here. The sheriff ought to be here requesting this.

(Boardwine deposition at 23). Fields testified at his deposition that he discussed mileage allowances with his deputies and understood that they were willing to let the issue drop. He testified that he did not know his deputies intended to take up the issue with the Board and that he would not have given them permission if he had known. He believed that they met behind his back and usurped his "administrative authority." In his opinion the men had

mutinied: "[t]hey threw the captain over in the water and sailed away."[1]

## II.

■ The first question that must be answered when a public employee maintains that he has been retaliated against because of protected speech, is whether the speech addresses a matter of public concern. *Huang v. Board of Governors of University of North Carolina,* 902 F.2d 1134, 1140 (4th Cir.1990); *Daniels v. Quinn,* 801 F.2d 687, 689 (4th Cir.1986); *Berger,* 779 F.2d at 998; *see Dennison v. County of Frederick,* 921 F.2d 50, 54 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2828, 115 L.Ed.2d 998 (1991). Federal court is rarely the appropriate forum for redress "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest." *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983); *see Huang,* 902 F.2d at 1140; *Daniels,* 801 F.2d at 690; *Lewis v. Blackburn,* 759 F.2d 1171, 1172 (4th Cir. 1985) (en banc) (per curiam) (adopting view of panel dissent per Ervin, J., 734 F.2d 1000, 1008 (4th Cir.1984)), *cert. denied,* 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 228 (1985). "When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment." *Connick,* 461 U.S. at 146, 103 S.Ct. at 1690.

Nothing in the "content, form and context" of the speech "as revealed by the whole record" remotely positions it as a matter of public concern. *See Connick,* 461 U.S. at 147–148, 103 S.Ct. at 1690. To the contrary, in context, whether Fields' deputies were to receive $.21 a mile or $.24 a mile was quintessentially a personal matter. Yet, Fields' deputies disregarded the chain of command and went directly to the Board without Fields' approval. On matters of public concern, administrative prerogatives and organizational loyalty must frequently give way to paramount First Amendment considerations. This suit, however, attempts to constitutionalize personal employee grievances, not to redress retaliation for speech on the political, social, or other concerns of the community.

## III.

For the reasons stated above, summary judgment will be entered for Fields.[2]

---

**1.** Although, if the record is very liberally construed, there might be some conflict as to whether Fields knew his deputies intended to broach the subject of mileage reimbursement with the Board and were not "going behind his back," the court does not find such a conflict material, as Leonard and Boardwine did not speak out on a matter of public concern. This court is not empowered to determine whether Fields acted unfairly or unreasonably. Rather, it is empowered to determine whether Fields acted unconstitutionally. "Ordinary dismissals from government service which violate no fixed tenure or applicable statute or regulation are not subject to judicial review even if the reasons for the dismissal are alleged to be mistaken or unreasonable." *Connick v. Myers,* 461 U.S. 138,

146–47, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

**2.** Plaintiffs' complaint also alleges that Fields retaliated against them because they communicated with a Special Grand Jury regarding their disputed mileage allowance claims. The court finds it unnecessary to address the constitutional significance of that allegation because it appears from uncontradicted evidence that Fields terminated the two deputies solely because of their attendance at the Board meeting. Furthermore, the deputies have not contended that they were seeking to expose corruption or criminality, and they made no argument regarding the issue in their brief in opposition to Fields motion for summary judgment.